# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MOUNTAIN LAUREL RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0724** (BOR Appeal No. 2052661)
(Claim No. 2016028928)

**ROCKY LANE BREWER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mountain Laurel Resources, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rocky Lane Brewer, by Justin J. Marcum, his attorney, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 3.38% permanent partial disability award for hearing loss on October 19, 2016. The Office of Judges reversed the decision in its February 22, 2018, Order and granted a 7.3% permanent partial disability award. The Order was affirmed by the Board of Review on July 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brewer, a roof bolter, sustained occupational hearing loss in the course of and resulting from his work in the coal mines. An audiogram was performed on May 10, 2016, by Gary Harris, Ph.D., an audiologist. Mr. Brewer reported bilateral hearing loss as a result of a high volume of noise at work. The testing was reliable, and discrimination scores were 80% on the right and 84% on the left. A. K. Katrib, M.D., signed the report and interpreted the results as showing bilateral sensorineural hearing loss directly attributable to or aggravated by industrial noise exposure in the course of and resulting from Mr. Brewer's employment. He found no preexisting conditions that would have contributed to hearing loss and assessed 7.783% impairment.

1

A. James Paine Jr., M.D., an otolaryngologist, evaluated Mr. Brewer for hearing loss on August 30, 2016. He noted that Mr. Brewer worked in underground coal mining for twenty-five years as a roof bolter, scoop operator, shuttle car operator, and drill operator. Mr. Brewer stated that he began noticing hearing difficulties a year before he stopped working. An audiogram was performed and showed 84% discrimination on the right and 88% on the left. Dr. Paine noted that the results showed a very similar type curve and discrimination scores as the audiogram performed in May of 2016. Dr. Paine assessed 3.38% hearing loss. He noted that the impairment was calculated using West Virginia Workers' Compensation guidelines.

Dr. Paine completed a second hearing loss examination on February 27, 2017, in which he noted that discrimination scores were 68% on the right and 64% on the left. Dr. Paine noted that Mr. Brewer's scores had dropped approximately 20% since his evaluation in August of 2016. Dr. Paine assessed 7.3% impairment. He opined that when read with the scores from August of 2016, the impairment percentage would be 4.3%. He further opined that the change in discrimination since the August exam are not due to noise exposure since Mr. Brewer was not exposed to occupational noise during that time.

The claims administrator granted a 3.38% permanent partial disability award on October 19, 2016. The Office of Judges reversed the decision and granted a 7.3% permanent partial disability award in its February 22, 2018, Order. It found that audiograms are considered within acceptable limits if their four frequency totals are within fifteen decibels or less of each other and their audiometric curves are similar. West Virginia Code of State Rules § 85-20-47.3 (2006). The Office of Judges noted that Mr. Brewer was exposed to excessive noise while working around heavy equipment for twenty-eight years. The Office of Judges determined that Dr. Paine's two reports were within test/retest validity, while Dr. Katrib's was not. Therefore, it concluded that Dr. Paine's reports must be used to determine permanent partial disability. Dr. Paine's February 27, 2017, report showed the highest percentage of impairment; however, the Office of Judges found that he changed the original rating of 7.3% to 4.3% by improperly switching the speech discrimination scores on that date with those obtained on August 30, 2016. The Office of Judges concluded that West Virginia Code of State Rules § 85-20 (2006) does not allow for calculation of an impairment rating by such means. Therefore, the Office of Judges found that the February 27, 2017, discrimination scores show the greatest impairment of the only two tests of record that fell within test/retest validity and that it must be afforded greater evidentiary weight. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Paine's reports were the most reliable assessment of record of Mr. Brewer's occupational hearing loss. Though he incorrectly apportioned his findings, the Office of Judges was not wrong to find that Dr. Paine's pre-apportionment findings were a reliable assessment of Mr. Brewer's hearing impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison